UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | CRIMINAL NO. 7:18-2-KKC |
|---|---|
| Plaintiff, | |
| v. | OPINION AND ORDER |
| JACKSON NOEL, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on defendant Jackson Noel's motion to vacate the judgment and to grant him a new trial under Fed. R. Crim. P. 33 (DE 121, 122). For the following reasons, the Court DENIES the motion.

During the relevant time period, Noel was the primary owner of and pharmacist for Buffalo Drug, Inc., which is located in Putnam County, West Virginia. In this action, the government charged him with one count of unlawfully conspiring to dispense and distribute oxycodone and oxymorphone. After a five-day jury trial, the jury found him guilty of the charge.

Under Rule 33(a), the Court may set aside the verdict and grant a new trial if the "interest of justice" requires that. "A new trial may be granted under Rule 33 if the extraordinary circumstance arises that the evidence preponderates heavily against the verdict." *United States v. Ray*, 597 F. App'x 832, 840 (6th Cir. 2015). "The district judge may weigh the evidence and assess the credibility of witnesses in the role of a thirteenth juror." *Id*. "Motions for a new trial are not favored and are granted only with great caution." *United States v. Fritts*, 557 F. App'x 476, 479 (6th Cir. 2014) (quoting *United States v. Garner*, 529

F.2d 962, 969 (6th Cir.1976)). The defendant "bears the burden of proving that a new trial should be granted." *Id*. (quoting *United States v. Davis*, 15 F.3d 526, 531 (6th Cir.1994)).

Noel argues that a new trial is required here because 1) the evidence regarding the amount that customers paid Buffalo Drug for the controlled substances at issue and the number of prescriptions the pharmacy filled for the substances "vastly overstated the government's case;" 2) testimony by government witnesses regarding so-called "red flags" in Buffalo Drug's practices was confusing; 3) two government witnesses presented misleading and false testimony; and 4) the jury was out for only a short time before returning a guilty verdict.

As to his first argument, Noel does not dispute the accuracy of any of the evidence presented by the government regarding the number of prescriptions Buffalo Drug filled for oxycodone and oxymorphone or regarding the amount of cash the pharmacy received in return. This evidence was permitted either as proof of the conspiracy charged in the indictment, as background evidence that was integral to testimony of several of the government's witnesses, or under Federal Rule of Evidence 404(b) because it showed Noel's intent, knowledge, and an absence of mistake.

Regarding any such evidence admitted as background or under Rule 404(b), the Court instructed the jury multiple times that they should consider this evidence only as it relates to the defendant's intent, knowledge, and absence of mistake regarding the crime charged in the indictment. The Court further instructed the jury that they should not consider such evidence for any other purpose and that Noel was only on trial for the crime charged in the indictment. The presentation of accurate evidence with proper instructions regarding Buffalo Drug's practices in filling prescriptions for the controlled substances at issue does not warrant a new trial.

As to Noel's second argument – that the jurors were confused by testimony regarding "red flags" in Buffalo Drug's practices – he does not state precisely what testimony he objects to or explain precisely how it confused the jurors. Government investigators and pharmacist Lori Moles, who occasionally worked at Buffalo Drug, testified that that they were concerned by such "red flags" as the high number of out-of-state customers at Buffalo Drug with prescriptions written by out-of-state physicians, the large quantities of controlled substances given to these customers, the high number of prescriptions for such substances that were filled at the pharmacy, and the fact that the customers paid in cash. Noel does not contest the accuracy of any of this testimony.

To the extent that Noel argues that the jury may have confused a breach of the standard of care for pharmacists with criminal activity, the Court instructed the jury that this was not a case about breaching the standard of care, malpractice or negligence. It further instructed the jury that such a breach was not a crime and that, in order to find Noel guilty of the crime charged, it must find beyond a reasonable doubt that he knowingly filled prescriptions that were not issued for a legitimate medical purpose in the usual court of professional practice. The presentation of evidence regarding "red flags" with proper instructions does not warrant a new trial.

For his third argument, Noel argues that two government witnesses – Brandon Goins and Dave Lucas – presented "misleading and likely false testimony." Noel does not provide any further information other than this single sentence. (DE 121, Motion.) Accordingly, the Court has no basis to find the testimony of either of these witnesses warrants a new trial.

Finally, Noel argues that the short duration of the jury deliberations warrants a new trial. He cites no authority for their argument. The time that a jury deliberates is not significant in determining whether a new trial is warranted. The question is whether the

evidence the jury heard was sufficient for a conviction. *United States v. Young*, 301 F.2d 298, 299 (6th Cir. 1962). In this case, it was.

Accordingly, Noel's motion for the Court to vacate the judgment and grant a new trial (DE 121) is DENIED.

Dated December 2, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY