# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**COURT NO. 18-CR-02-KKC**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**VS.**

**JACKSON NOEL,**                                                                **DEFENDANT,**

## UNITED STATES' REPLY IN SUPPORT OF FORFEITURE

**\* \* \* \***

The United States of America, by and through its counsel, submits this Reply to Defendant's Response to the United States' Motion for Reconsideration of Opinion and Order Regarding Forfeiture, R. 161, to clarify for the Court misrepresentations noted in the Defendant's Response on four specific matters.

First, despite repeated statements to the contrary, the United States did not argue and took no position on whether 404(b) evidence *must* be considered in determining forfeiture. Rather, the United States has consistently argued that the charged conspiracy and the timing of the other bad acts within the time frame alleged in the superseding indictment allows the Court to order forfeiture of proceeds of the entire conspiracy, not just of one portion of the conspiracy. The United States specifically objected to the Court's finding that evidence of other bad acts "cannot trigger forfeiture" and in response filed the instant Motion. R. 144, Page ID # 1373. Additionally given Defendant's extensive discussion that the Court did not abuse its discretion, it appears Defendant agrees with the United States that the Court *may* order forfeiture of proceeds obtained from the entire conspiracy.

Second, *Tolley* does not, as Defendant claims in footnote 1, support the Court's forfeiture decision in this case. *United States v. Tolley*, 173 F.3d 431, fn. 1 (6th Cir. 1999). *Tolley* appealed his conviction on various grounds but specifically appealed forfeiture because "the jury verdict form

regarding the forfeiture counts asked the jury if defendant was guilty of a crime for which he was not indicted." *Id.* at \*1. Despite defendant failing to raise this issue before the district court, the Sixth Circuit flatly rejected Tolley's argument because "it was clear that [Tolley] was tried on the offense of possession with the intent to distribute cocaine" not money laundering as misidentified via a clerical error in the special verdict form. *Id.* at 9.   Thus none of the facts nor holdings of *Tolley* are relevant to the question of whether, in a temporally wide ranging drug conspiracy, forfeiture of proceeds from the entire conspiracy is appropriate.

Third, Defendant's reference of *Honeycutt v. United States,* 137 S. Ct. 1626 (2017) to negate the government's reliance on the decision in *United States v. Podlucky,* No. 11-37, 2012 WL 1850931 (W.D.Pa. May 21, 2012), is a distraction from the issue before the Court. While *Honeycutt* did not, as Defendant claims, put an end to joint and several liability in conspiracy cases, it did limit joint and several forfeiture liability solely in Title 21 cases to those proceeds a defendant acquired – an issue not in dispute here.[1] However, the United States cited *Podlucky* for its holding that proceeds of a money laundering conspiracy could be forfeited despite defendant being acquitted of the conspiracy and convicted only of discrete substantive counts.   This is important to note because, given the different standards between forfeiture and guilt, the evidence to support a criminal conviction is not dispositive of forfeiture. *See generally Libretti v. United States*, 516 U.S. 29, 38-41, 48-50 (1995); *United States v. Layne*, 192 F.3d 556, 575 (6th Cir. 1999)

Fourth, it is not clear how Defendant perceived *United States v. George*, 886 F.3d 31 (1st Cir. 2018) as a civil forfeiture case.   It was most assuredly a criminal case that relied upon the provision of 18 U.S.C. § 981, under the authority provided by 28 U.S.C. § 2461, to seek forfeiture of a specified unlawful activity (SUA). *George*, 886 F.3d 39-40. As clearly noted in the motion, the United States cited

---

[1] Post-*Honeycutt*, Circuits have upheld joint and several forfeiture liability in cases where both defendants acquired the proceeds. *See e.g. United States v. Tanner,* 942 F.3d 60 (2nd Cir. 2019); *United States v. Bikundi,* 926 F.3d 761 (D. C. Cir. 2019); *United States v. Hoffman*, 901 F.3d 523, 561 n.27 (5th Cir. 2018).

to *George* as an example that forfeiture in the context of a conspiracy count is much broader than forfeiture in a case alleging substantive counts. R. 161; *George*, 889 F.3d at 41 (holding that "proceeds of a conspiracy should be computed independently of the underlying substantive crime.").

The United States made clear in its motion that forfeiture in cases with a conspiracy count is more expansive than in those cases with only substantive counts. Importantly, the United States also identified specific cases where, in a conspiracy, the court ordered forfeiture of proceeds from conduct not proved as substantive evidence of the conspiracy. In a wide ranging conspiracy, the United States need only prove the elements of the conspiracy giving rise to criminal conduct, not each and every portion of the conspiracy, to request forfeiture of proceeds of that conspiracy within the time frame upon which the conviction is predicated. This is because forfeiture is a sentencing matter with a different level of proof. Defendant was charged, and subsequently convicted, of engaging in a drug trafficking conspiracy spanning on or about June 2015 to on or about December 2016. That the substantive evidence presented to support a jury conviction of Defendant's criminal conduct beyond a reasonable doubt only related to one portion of that conspiracy has limited bearing on whether the proceeds of the entire conspiracy are forfeitable. *See United States v. Vondette*, 76 Fed. Appx 358 (2d Cir 2003); *United States v. Tran*, 2013 WL 11320233, *3 n.2 (W.D. Va. Oct. 30, 2013). However, the proceeds of entire conspiracy are forfeitable because Defendant was convicted beyond a reasonable doubt of one portion of that conspiracy, the United States provided additional evidence showing that Defendant engaged in a larger conspiracy, and, although not necessary, the evidence presented is within the temporal range of the factual allegations in the superseding indictment of which the Defendant was convicted. Therefore, the $363,382.30 in proceeds of the entire conspiracy are proceeds of the conviction and appropriately proceeds of "such [a] violation" for forfeiture purposes. 21 U.S.C. § 853(a)(1).

The United States therefore asks that the Court reconsider its Opinion and Order, R. 144, and

order forfeiture of all the proceeds of the conspiracy as requested by the United States, R. 118.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF KENTUCKY

/s/ Rajbir Datta
Rajbir Datta
Assistant United States Attorney
260 W. Vine St., Suite 300
Lexington, KY 40507
(859) 685-4923 (phone)
Rajbir.Datta@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2020, I electronically filed the foregoing with the

clerk of the court by using the CM/ECF system which will send the notice of electronic filing to all

counsel of record.


/s/ *Rajbir Datta*
Rajbir Datta
Assistant United States Attorney