UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JACKSON NOEL,<br><br>    Defendant. | CRIMINAL NO. 7:18-2-KKC<br><br><br>**OPINION AND ORDER** |

*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\**

This matter is before the Court on defendant Jackson Noel's second motion to vacate the judgment and to grant him a new trial under Federal Rule of Criminal Procedure 33 (DE 171). For the following reasons, the Court DENIES the motion.

During time of the charged criminal activity, Noel was the primary owner of and pharmacist for Buffalo Drug, Inc., which is in Putnam County, West Virginia. With this action, the government charged him with one count of unlawfully conspiring to dispense and distribute oxycodone and oxymorphone. Noel retained attorney James Cagle to represent him. On September 10, 2019, after a five-day jury trial, the jury found Noel guilty of the charge.

Cagle timely filed a motion for a new trial (DE 122) on Noel's behalf under Rule 33. By opinion dated December 2, 2019, the Court denied the motion (DE 146).

On December 17, 2019, Cagle moved (DE 155) to withdraw as Noel's counsel. Cagle stated that Noel asked him to withdraw. Cagle further stated that attorney Jonathan Dyar of Louisville had called him to inform him that he would be entering an appearance as Noel's counsel. The following day, attorneys Dyar and Khalid Kahloon entered their appearance (DE 156) on behalf of Noel but only for the "limited purpose of requesting a continuance of

the sentencing date." On the same day (December 18, 2019) Dyar and Kahloon moved (DE 157) to continue Noel's sentencing hearing for 60 days. The Court granted the continuance and moved the sentencing to March 31, 2020 (DE 158). Later, on its own motion, the Court moved the sentencing to April 9, 2020 (DE 162).

By opinion dated January 17, 2020 (DE 163), the Court denied Cagle's motion to withdraw as counsel noting that the motion did not comply with the Local Rules, in part because new counsel had only entered an appearance for the limited purpose of moving to continue the sentencing hearing. The following day, Dyar and Kahloon entered their appearances as Noel's counsel for all purposes. (DE 164, 166). They also filed extensive objections to the presentence report prepared by the United States Probation Office (DE 166).

About a month later – on February 16, 2020 – Dyar and Kahloon filed this motion for a new trial. By order dated February 20, 2020, the Court canceled the April 9, 2020 hearing and ordered that a new sentencing date would be set after the Court ruled on the motion for new trial.

There is no dispute that this motion is not timely. Rule 33 requires that a motion for new trial that is not based on newly discovered evidence must be filed within 14 days after the verdict. Fed. R. Crim. P. 33(b)(2). This motion is not based on newly discovered evidence. It is entirely based on an argument that Cagle – Noel's first retained counsel – was ineffective. "[A]n ineffective assistance of counsel claim cannot be considered newly discovered evidence for the purpose of a motion for new trial." *United States v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010) (quoting *United States v. Seago*, 930 F.2d 482, 488-89 (6th Cir. 1991)). The verdict was reached on September 10, 2019 (DE 111). This motion for a new trial was not filed until February 16, 2020, which is more than five months after the verdict.

Nevertheless, Federal Rule Criminal Procedure 45(b)(1)(B) permits the Court to grant a party an extension of time to complete an act. The Court may grant such extensions for "good

2

cause" if the motion for extension of time is made before the original time to act expires. Fed. R. Crim. P. 45(b)(1)(A). That is not the case here. Noel never moved for an extension of time before he filed this motion.

In this situation, the Sixth Circuit has determined that Rule 45 permits the Court to grant a party an extension of time "if the party failed to act because of excusable neglect." *Munoz*, 605 F.3d 367 (quoting Fed. R. Crim. P. 45(b)). *See also* Advisory Comm. Notes to 2005 Amendments of Rule 45 ("[U]nder Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying [Rule 33] motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect.")

In support of his current motion for new trial, Noel's new counsel argues that Noel failed to file a motion for new trial grounded on ineffective assistance of counsel on a timely basis because Cagle – the allegedly ineffective counsel – was still representing him at the time the motion was due.  In arguing that this constitutes excusable neglect for filing this motion late, Noel relies entirely on *Munoz*.

In that case, the district court appointed an attorney to represent the defendant, who a jury later adjudged guilty. A little more than three months after the guilty verdict, the Court granted trial counsel's motion to withdraw, and new counsel entered an appearance for the defendant. Within two weeks of appearing, new counsel filed a motion requesting leave to file an untimely Rule 33 motion for a new trial. The district court denied the motion finding that new counsel had not proved the late filing was the result of excusable neglect. Nevertheless, the court granted new counsel leave to file another motion addressing the issue of excusable neglect.

About 10 weeks after new counsel made an appearance and six months after the verdict, new counsel filed an untimely Rule 33 motion which asserted ineffective assistance of trial

3

counsel. The district court found excusable neglect and granted the Rule 33 motion finding that trial counsel was ineffective.

On appeal, the Sixth Circuit ruled that, in determining whether a party has established "excusable neglect," a court should consider "all relevant circumstances surrounding the party's omission." *Id.* at 368 (quoting *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993). These circumstances should include: 1) prejudice to the other party; 2) the length of the delay and the potential impact on other proceedings; 3) the reason for the delay; 4) whether the delay was within the reasonable control of the moving party, and 5) whether the movant is acting in good faith. *Id.* (citing *Pioneer*, 507 U.S. at 395. Of these, the reason for the delay is most important. *Id.* at 372.

As to the reason for delay, in *Munoz*, the court held that the fact that the allegedly ineffective counsel represented the defendant at the time the Rule 33 motion was due was a "valid reason for the delay." *Id.* at 371. The court found this before finding that trial counsel was, in fact, ineffective. The finding was based on "the agency-law axiom that a principal is not bound by his agent's conduct" where that conduct is adverse to the principal's interest. *Id.* at 371. The court reasoned that an attorney is not likely to file a motion asserting his own ineffectiveness even if that were in the client's best interest. *Id.* at 369, 372. Thus, the defendant is not bound by that counsel's failure to file the motion and has a "valid reason for the delay" in it being filed. *Id.*

In a later case, however, in considering whether there was a valid reason for a delay in filing a Rule 33 motion asserting ineffective assistance, the court looked at the reason for the delay *after* new counsel had entered an appearance. In *United States v. Elenniss*, 729 F. Appx. 422 (6th Cir. 2018), after entering their appearance, new counsel waited two months to file a motion for a new trial without previously moving for an extension of time to file it. *United*

4

*States v. Elenniss*, 729 F. Appx. 422, 425 (6th Cir. 2018). The court allowed that the defendant may have a valid reason for not filing the motion for new trial during the time he was represented by trial counsel, but determined the same could not be said for the two-month period he was represented by new counsel before filing the motion for new trial. *Id.*

The court recognized that, in *Munoz*, the time between new counsel making its appearance and filing the Rule 33 motion was longer (10 weeks). Nevertheless, the court found it significant that in *Munoz*, after entering her appearance, new counsel promptly filed a motion requesting permission to file the Rule 33 motion late. *Id.* New counsel in *Elenniss* did not. The court determined that, while it may take time to research and prepare the actual Rule 33 motion, there was no reason new counsel could not seek permission to file a late Rule 33 motion "shortly after taking the case." *Id.* at 426.

In accordance with *Elenniss* and *Munoz*, Noel can be excused for not timely filing a Rule 33 motion asserting ineffective assistance while Cagle represented him. After new counsel first entered an appearance, however, they waited about two months to file this motion. New counsel argues that they had to research the record and the law before filing the motion. This would certainly take some amount of time. But, as in *Elenniss*, Noel's new counsel could have promptly asked the Court for an extension of the Rule 33 deadline to permit them the necessary time to prepare the motion.

New counsel argues that they only made a limited appearance in December and did not make a general appearance until January 17, 2020. By January 18, 2020, Noel's new counsel filed 18 pages of objections (DE 166) to the presentence report. At that point, they clearly knew the record. Yet they did not file the motion for a new trial until one month later and never requested an extension of time to file it.

5

New counsel argues that they did "intimate to the Court" that they would be filing this motion in an e-mail to this judge's judicial assistant on January 13, 2020. (DE 175, Reply at 6.) An e-mail intimating to a judge's assistant that a motion will be filed is not a motion requesting the Court's permission to do so. Further, this demonstrates that, by January 13, 2020, new counsel had already reviewed the file and found a motion for new trial appropriate. Yet they still failed to ask the Court for an extension of time to file the motion. In accordance with *Elenniss*, under these circumstances, the Court cannot find that this factor weighs in Noel's favor.

As to whether the delay was in Noel's control, in *Munoz*, this factor was not fully discussed. Having found that the reason for the delay was the fact that the allegedly ineffective counsel continued to represent the defendant at the time the Rule 33 motion was due, the court summarily determined that the delay was not in the defendant's control. *Id.* at 371.

The Court notes, however, that in *Munoz*, the ineffective counsel was appointed by the court. It appears that the defendant in *Elenniss* was represented by retained counsel. There, the court noted in a footnote that "Elenniss could have recognized his trial counsel's deficient performance and *hired* a new attorney sooner." *Id.* 1t 426 n.3 (emphasis added). Nevertheless, even in those circumstances, the court determined that the failure to file a Rule 33 motion based on ineffective assistance of trial counsel while the trial counsel represented him was "at least somewhat outside his control." *Id.* at 426. As to the subsequent two-month delay in filing the motion after new counsel entered their appearance, however, the court determined this was not outside of the defendant's control. *Id.*

Here, Noel retained Cagle, the allegedly ineffective counsel. Like in Elenniss, Noel could have hired new counsel sooner. Regardless, Noel's failure to timely file a Rule 33 motion

6

grounded on ineffective assistance of counsel was "somewhat out of his control." But any delay in filing the motion after new counsel was retained was not. He was no longer represented by the allegedly ineffective counsel. During that time, new counsel could certainly have at least requested the Court's permission to file the motion late. Thus, in accordance with *Elenniss*, this factor does not favor Noel.

As to prejudice to the government, the question is whether the government would suffer prejudice from "having to *retry the* case after a delay." *Munoz*, 605 F.3d at 371 n.6. The government does not argue any such prejudice. As in *Elenniss*, the Court cannot find that the delay in filing this motion would add any burden to the government that did not exist at the time the initial motion was filed. *Elenniss*, 729 F. App'x at 426. This factor favors Noel.

As to the length of the delay and its impact on other judicial proceedings, in *Munoz*, the court did not discuss this factor at great length, determining that the district judge is in the best position to know how long it should take new counsel to file a Rule 33 motion in the particular circumstances of the case. *Id.* at 372. The court did note that new counsel promptly moved to continue sentencing after she appeared and that the defendant had not, in fact, been sentenced at the time the new-trial motion was filed. Thus, the court found the delay did not cause "a waste of judicial resources." *Id.* n.7.

In *Munoz*, the time between new counsel entering an appearance and the new trial motion was 10 weeks. In evaluating the length of the delay in *Elenniss*, the court noted that the approximately 8-week delay in that case was shorter, but the court again considered the fact that new counsel did not request leave to file a late Rule 33 motion. Further, the court noted that the district court had determined that new counsel had "lulled" it into misallocating its resources to sentencing by filing the motion for new trial without any prior notice. *Id.* at 427. In these circumstances, the court found this factor did not "clearly support" the defendant.

7

As in *Munoz*, Noel's late-filed Rule 33 motion comes before sentencing. The Court does understand that filing the motion itself took some time. The case was declared complex due to voluminous discovery. Prior to trial, Cagle filed multiple motions aimed at excluding evidence and testimony. The trial itself lasted five days. Nevertheless, new counsel should have known that very shortly after taking the case that they would need time to review the record.

Further, by January 13, 2020, new counsel states they had formed the intent to file this motion. (DE 175, Response at 6.) By January 18, 2020, new counsel filed 18 pages of objections to the presentence report demonstrating that they had a clear understanding of the record at that point. Yet, they gave the Court no notice of their intent to file a Rule 33 motion until it was filed about a month later. The length of the delay between new counsel entering an appearance and the filing of this motion is inordinate given that, during that time, new counsel never asked the Court for permission to file an untimely motion.

Nevertheless, the Court cannot find that the inordinate delay itself impacted any other judicial proceedings. The Court was not lulled into misallocating its resources to a sentencing that the defendants' unexpected new trial motion claims is unnecessary. It is true that the United States Probation Office prepared a presentence report in November 2019, but this was before new trial entered an appearance in this matter. New counsel filed extensive objections, but the Court ordered the sentencing delayed until it had resolved the late Rule 33 motion. Accordingly, his factor is neutral.

As to whether new counsel filed this motion in good faith, the government makes no allegations of bad faith, and the Court finds no such evidence.

Balancing all of these factors, the Court finds that Noel's failure to provide a good reason for filing this motion late without first seeking the Court's permission is a "glaring deficiency"

that prevents a finding of excusable neglect. *Elenniss*, 729 F. App'x at 428. For this reason alone, the Court must deny the motion for a new trial.

In addition, however, the Court must deny the motion because "this is not the proper forum" for a claim that trial counsel was ineffective. *Id.* at 430. Instead, this argument should be made in a claim for habeas relief under 28 U.S.C. § 2255. *Id.* There is an exception to this rule for those "rare cases where the error is apparent from the existing record." *United States v. Wells*, 623 F.3d 332, 347–48 (6th Cir.2010) (quoting *United States v. Lopez–Medina*, 461 F.3d 724, 737 (6th Cir.2006)). Such cases are rare because evidence presented at trial is "devoted to issues of guilt or innocence" not "for the object of litigating or preserving" an ineffective-assistance claim. Thus, the trial record is "often incomplete or inadequate" for resolving such a claim. *Massaro v. United States*, 538 U.S. 500, 505, (2003).

This is not one of those rare cases in which the errors alleged are apparent from the existing record. Noel makes allegations about Cagle's failure to prepare him to testify, about Cagle's statements to him regarding the sentencing guidelines, and about Cagle's failure to hire an expert that involve private conversations about which there is no evidence in the record other than Noel's own affidavit. Further, Cagle has not been deposed regarding the choices he made at trail. *United States v. Kirkpatrick,* 172 F.3d 50, 1998 WL 869978 (6th Cir. 1998). The Supreme Court has cautioned that, looking only at the trial record, a court presented with an ineffective-assistance claim "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003).

Finally, even assuming the record were complete enough for the Court to find that Cagle's performance was constitutionally deficient (a finding that the Court does not make and

9

cannot make on this record), to prevail on an ineffective-assistance claim, Noel must also establish that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance prejudices the defense when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Defendants alleging ineffective assistance of counsel bear a 'heavy burden of proof.'" *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citing *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005)).

As the Court noted in Noel's first motion for a new trial, Noel does not dispute the accuracy of any of the evidence presented by the government regarding the number of prescriptions Buffalo Drug filled for oxycodone and oxymorphone or regarding the amount of cash the pharmacy received in return. This evidence included the fact that Noel filled a high number of prescriptions for these substances for a high number of out-of-state customers with prescriptions written by an out-of-state physician, that Noel dispensed large quantities of controlled substances to these customers, that Noel filled a high number of prescriptions for controlled substances at the pharmacy, and that Noel charged an inflated price for these substances and required customers to pay in cash.

None of Noel's objections to his trial counsel's actions during trial disputes the accuracy of this evidence, which was more than sufficient to establish Noel's guilt. As to actions outside of trial, Noel objects that his counsel failed to advise him about his sentencing guidelines range prior to plea negotiations, but he concedes that he would have gone to trial regardless.

Thus, on this motion, Noel has not established a reasonable probability that the result of the proceeding would have been different but for his trial counsel's performance. Because Noel has not met his heavy burden of proof on this motion, the Court would have to deny the motion on the merits.

For all these reasons, the Court hereby ORDERS that Noel's motion for new trial (DE 171) is DENIED. The Court further HEREBY ORDERS that a sentencing hearing is set for **September 14, 2020 at 12:30 p.m. in Pikeville, Kentucky**.

Dated August 05, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

Case: 7:18-cr-00002-KKC-EBA   Doc #: 180   Filed: 08/05/20   Page: 11 of 11 - Page ID#: 3039