**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 7:18-2-KKC** |
|     **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **JACKSON NOEL,** | |
|     **Defendant.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    This matter is before the Court on defendant Jackson Noel's Emergency Motion (DE 204) for Release Pending Appeal or, In the Alternative, To Reset Report Date to Allow Receipt of COVID-19 Vaccine.

    During time of the charged criminal activity, Noel was the primary owner of and pharmacist for Buffalo Drug, Inc., which is in Putnam County, West Virginia. With this action, the government charged him with one count of unlawfully conspiring to dispense and distribute oxycodone and oxymorphone. On September 10, 2019, after a five-day jury trial, the jury found Noel guilty of the charge. By judgment dated October 5, 2020, the Court sentenced Noel to a prison sentence of 120 months and ordered him to self-surrender for service of the sentence on January 15, 2021. Noel filed a notice of appeal on October 5, the date the judgment was entered.

    "The Bail Reform Act, 18 U.S.C. § 3143(b) creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The act requires the Court to make two findings before granting bail pending appeal. 18 U.S.C. § 3143(b). First, the Court must find that the convicted person will not flee or pose a danger to the community if granted bail. Second, the Court must find that the appeal is not for the purpose of delay

and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). "[A]n appeal raises a substantial question when [it] presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id*. at 1182 (internal quotation marks and citation omitted).

In allowing Noel to remain on bail prior to sentencing and to self-report after sentencing, the Court found that Noel is neither a flight risk nor a danger to the community. Nevertheless, his motion to remain released pending appeal must be denied because none of the three issues he intends to present on appeal raises a substantial question of law or fact that would likely result in reversal or a new trial. (DE 204 at 3-4.)

As the Court noted in its prior opinions on Noel's two motions for a new trial, Noel does not dispute the accuracy of any of the evidence presented by the government regarding the number of prescriptions Buffalo Drug filled for oxycodone and oxymorphone or regarding the amount of cash the pharmacy received in return. This evidence included the fact that Noel filled a high number of prescriptions for these substances for a high number of out-of-state customers with prescriptions written by an out-of-state physician, that Noel dispensed large quantities of controlled substances to these customers, that Noel filled a high number of prescriptions for controlled substances at the pharmacy, and that Noel charged an inflated price for these substances and required customers to pay in cash. None of Noel's asserted issue on appeal calls into account the accuracy of this evidence, which was more than sufficient to establish the existence of an agreement to unlawfully dispense and distribute oxycodone and oxymorphone.

As to Noel's objection that certain witnesses testified as to both facts and opinion, the Court instructed the jury multiple times during the trial and again in its final instructions regarding how to properly weigh such testimony. Noel also objects to the introduction of evidence of other "bad acts" he committed that were similar to the conduct charged in the indictment. Again, Noel does not object to the accuracy of the evidence and the Court instructed the jury regarding how to assess such evidence.

Alternatively, Noel asks that the Court to delay his surrender date until April 15, 2021. The Court will grant this portion of the motion. Noel represents that this would permit him to obtain both doses of the COVID-19 vaccine in West Virginia prior to reporting. Noel's vaccination would benefit him and the BOP and would not prejudice the government. Accordingly, the Court will extend Noel's report date. The Court will not, however, grant any further extensions.

Accordingly, the Court hereby ORDERS that Noel's Emergency Motion (DE 204) for Release Pending Appeal or, In the Alternative, To Reset Report Date to Allow Receipt of COVID-19 Vaccine is GRANTED in part and DENIED in part as follows:

1) the motion for release pending appeal is DENIED;

2) the motion to reset report date is GRANTED;

3) **Noel SHALL SURRENDER for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on April 15, 2021**.

Dated January 13, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY