**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 7:18-2-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **JACKSON NOEL,** | |
| **Defendant.** | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is before the Court on defendant Jackson Noel's Motion to Overturn Gun Enhancement and Modify Sentence (R. 257). For the following reasons, the Court DENIES the motion.

Noel was the primary owner of and pharmacist for Buffalo Drug, Inc., which is located in Putnam County, West Virginia. In this action, the government charged him with one count of unlawfully conspiring to dispense and distribute oxycodone and oxymorphone. After a five-day jury trial, the jury found him guilty of the charge. By judgment dated October 5, 2020 (R. 190), the Court sentenced Noel to a prison term of 120 months. According to the Bureau of Prisons website, his projected release date is January 10, 2029. He states in his motion that he is eligible for home confinement in August 2026. Noel's sentence and conviction were upheld on appeal (R. 217) and habeas review (R. 244).

In May 2024, the Court denied Noel's motion for a sentence reduction under Amendment 821 to the Sentencing Guidelines. In part, that amendment altered the application of the Guidelines with respect to certain offenders who presented zero criminal history points at the time of sentencing (Part B, Subpart 1). The United States Sentencing Commission voted to give retroactive effect to these changes.

In its order denying Noel's motion for a sentence reduction under the amendment, however, the Court explained that, while Noel had zero criminal history points at sentencing, a defendant is entitled to a sentence reduction for zero criminal history points only if "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense . . . ." U.S.S.G. § 4C1.1(a)(7). At sentencing, Noel received a two-level increase 2 U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm in connection with the offense. Noel argued that the Court incorrectly applied the increase. However, the Court explained that it could not address this argument in a motion for a sentence reduction under Amendment 821. The Court explained that such an issue should be raised on appeal or in a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Noel had already pursued both avenues to overturn his conviction and sentence.

With this current motion, Noel again argues that the firearms enhancement was not warranted. He asks the Court to remove it. Again, however, the Court has no jurisdiction to address this argument after sentencing except through a habeas petition.

For these reasons, the Court hereby ORDERS that Noel's Motion to Overturn Gun Enhancement and Modify Sentence (R. 257) is DENIED.

**Signed By:**

***Karen K. Caldwell*** *KKC*

**United States District Judge**

2